UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Focus Ten of Tampa, Inc.
Focus Ten of Florida, Inc.
Focus Ten of Raleigh, Inc.
Focus Ten of Greensboro, LLC

Debtors.
_____/

**EMERGENCY HEARING
REQUESTED: 1 hour**

Case No. 8:10-bk-07365-MGW
Case No. 8:10-bk-07372-MGW
Case No. 8:10-bk-07377-MGW
Case No. 8:10-bk-07382-MGW

Chapter 11 (Jointly Administered)

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS: (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE ON ACCOUNT OF PRE-PETITION INVOICES; (2) AUTHORIZING DEBTORS TO PAY UNPAID PRE-PETITION INVOICES; AND (3) ESTABLISHING PROCEDURES FOR ADDITIONAL ADEQUATE ASSURANCES

Focus Ten of Tampa, Inc., Focus Ten of Florida, Inc., Focus Ten of Raleigh, Inc., Focus Ten of Greensboro, LLC, debtors and debtors-in-possession (collectively the "Debtors"), seek entry of an Order pursuant to Sections 105(a) and 366 of Title 11 of the United States Code (the "Bankruptcy Code"): (i) prohibiting any utility company (the "Utility Company" and collectively, the "Utility Companies"), including those set forth in **Exhibit A** attached hereto, from altering, refusing or discontinuing service on account of pre-petition invoices; (ii) authorizing Debtors to pay unpaid pre-petition utility invoices in their discretion as adequate assurance; and (iii) establishing procedures for determining requests, if any, for additional adequate assurances by the Utility Companies for providing Debtors with post-petition telephone, telecommunication, and electric services (collectively, the "Utility Services"). In support thereof, Debtors states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicate for the relief sought herein is set forth in Sections 105(a) and 366 of the Bankruptcy Code.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On March 31, 2010 (the "Petition Date"), Debtors commenced these cases by separately filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continues to operate their businesses and manage their assets as Debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustees or examiners have been appointed in Debtor' chapter 11 cases, and no committees have been appointed or designated.

5. Debtors need continuing utility services in order to facilitate their ability to continue operations and reorganize. Being able to provide ongoing Utility Services (particularly electric, telephone and internet services) is critical to Debtors' ability to orderly reorganize.

## RELIEF REQUESTED

6. Debtors currently use electric, water, telephone and internet services, as well as other Utility Services. Utility Services are provided to the Debtors by numerous utility companies (the "Utility Companies"), including those companies identified in Exhibit A, attached hereto and incorporated by reference (the "Utility Master Service List").

7. The Utility Companies provide essential services to the Debtors, which allow the Debtors to continue operations. Any interruption in Utility Services would disrupt the Debtors' business operations and fundamentally undermine the Debtors' reorganization efforts.

8. Electric and water services are critical to Debtors' operations, and must be in place in order for Debtors to operate their businesses. Telephone and internet services are also critical. The telephone and internet lines are used by Debtors for service and support, and general business operations. Without continuous and uninterrupted access to electric, water, telephone, and internet service, Debtors will be unable to continue viable business operations or reorganize successfully.

9. Debtors represent having the ability to pay promptly, and will pay promptly, all of their obligations to the Utility Companies for post-petition utility services on an ongoing basis and in the ordinary course of business, subject to Debtors' rights, if any, in the ordinary course, to contest, among other things, the amount of a bill or the services rendered. Moreover, all claims made by Utility Companies will be entitled to administrative priority treatment under sections 503(b) and 507 of the Bankruptcy Code.

10. Debtors' consistent pre-petition history of full payment of outstanding utility bills (to the extent due and owing), demonstrates the ability of Debtors to pay future utility bills using operational funds and post-petition financing.

11. Further, Debtors request authority to pay, in the ordinary course of business, unpaid pre-petition utility invoices in their discretion (as such invoices come due) as further adequate assurance. For those Utility Companies where Debtors elects to pay such pre-

petition invoices, the payment (and acceptance of payment) of pre-petition invoices shall (except as otherwise provided in this Motion) constitute adequate assurance of future payment and bar such Utility Companies from requesting additional adequate assurances.

12. Currently, the Debtors have surety bonds with several of the Utility Companies. Debtors believe that these surety bonds and the debtors ability to promptly pay post-petition bills provide the Utility Companies holding those deposits adequate protection. The Debtors are also willing to offer additional adequate protection to those Utility Companies that are not adequately protected by these procedures.

13. Accordingly, subject to the procedures set forth below and pending determination of adequate protection, Debtors respectfully requests that: (a) the Utility Companies be prohibited from demanding that Debtors provide post-petition utility deposits as a form of adequate assurance of future payment; (b) the Utility Companies be prohibited from drawing upon any existing cash security deposit, surety bond, or other form of security, if any, for the sole purpose of securing future payment for utility services; and (c) the Utility Companies to be stayed from terminating or interrupting service without further order of this Court.

14. Notwithstanding the adequate assurance of future payment described above, Debtors propose to further protect the Utility Companies by providing a mechanism by which they may request additional assurance of future payment from Debtor for cause shown. In particular, Debtors request that any order granting the relief sought in this Motion be entered without prejudice to the rights of the Utility Companies to contact the Debtors or

to come before this Court to request additional assurance under the following procedures (the "Determination Procedures"):

      a.    Within ten business days after the entry of the order granting this Motion (the "Utility Order"), Debtors will mail a copy of the Utility Order to all known Utility Companies.

      b.    To the extent that a utility company believes that it is entitled to additional adequate assurances of payment, such Utility Company will have thirty (30) days from the date of entry of the Utility Order to make a request to Debtor for additional adequate assurance of payment.

      c.    A Utility Company that wishes to seek additional assurance of future payment from Debtor must make a written request for such additional assurance (a "Request") to: Holland & Knight LLP, 100 North Tampa Street, Suite 4100, Tampa, Florida 33602-3644, Tel: (813) 227-8500, Fax (813) 229-0134, Attention: Rod Anderson, Esq., stating the reasons therefore and why the protections afforded herein are insufficient. Any such Request must include a summary of Debtors' payment history relevant to the affected account(s).

      d.    Without further order of the Court, Debtors may enter into agreements granting appropriate relief to any Utility Company that has submitted a Request for any additional assurance of future payment that the Debtors, in their sole discretion, determines is reasonable.

      e.    If a Utility Company timely requests additional assurance of future payment that Debtors believe is unreasonable, Debtors will, within thirty (30) days after receipt of the Request, notify the Utility Company in writing (the "Notice") of same. The Utility Company will have thirty (30) days from the date of the Notice to (i) file a motion seeking a determination of adequate assurance of future payment with respect to the requesting Utility Company (a "Determination Motion") and (ii) request that the Court schedule the Determination Motion for a hearing ("Determination Hearing").

      f.    If (i) a Utility Company makes a Request for additional adequate assurances, (ii) a Determination Motion is filed or (iii) a Determination Hearing is scheduled, the Utility Company requesting additional assurance will be deemed to have adequate assurance of payment for future utility services under Section 366 of the Bankruptcy Code without the need for payment of additional deposits or other security until an order of the Court in connection with such Determination Motion or Determination Hearing becomes a final order.

g. Any Utility Company that does not timely request additional adequate assurance is deemed to have adequate assurance under Section 366 of the Bankruptcy Code.

15. With the above safeguards, granting the relief requested will not prejudice the rights of the Utility Companies under Section 366 of the Bankruptcy Code.

16. Although Debtors have made every attempt to identify any and all Utility Companies, certain utility companies that currently provide Utility Services to Debtors may not be listed on the Utility Service List attached as Exhibit A. Accordingly, Debtors also requests that the Court authorize Debtors to provide a copy of the Utility Order to utility companies not listed on the Utility Service List (the "Additional Utility Companies"), as they are identified. Contemporaneously with the service of the Utility Order on any Additional Utility Company, Debtors will file with the Court a supplement to Exhibit "A" hereto adding the name of the Additional Utility Company being served and a certificate of service. The Additional Utility Companies shall be afforded thirty (30) days from: (i) the date of such service; or (ii) the date of entry of the Utility Order, whichever date is later, to make a Request, if any, to Debtors for additional adequate assurance. Except as set forth herein, the Additional Utility Companies shall be subject to the terms of the Utility Order, including the Determination Procedures.

## BASIS FOR RELIEF REQUESTED

17. The Bankruptcy Code generally provides that, following the 20-day period after the Petition Date, the Utility Companies may discontinue service if a debtor does not provide adequate assurance of future performance of their post-petition obligations.

18. Notwithstanding the foregoing, Section 366 affords debtors protection from overreaching by utilities. Specifically Section 366(b) provides: "On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment." Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case.

### NOTICE

19. Notice of this Motion has been served by hand delivery, facsimile, electronic mail or U.S. mail on the United States Trustee; each of Debtor's twenty (20) largest unsecured creditors; and each of the utility service providers. In light of the nature of the relief requested herein, Debtors submit that no other or further notice is required.

### EXPEDITED HEARING ON MOTION

20. Debtor' goal in filing this Motion is to minimize the uncertainty and instability associated with filing for bankruptcy protection and thereby, avoid unnecessary disruption to their business operations. Granting this Motion and allowing Debtors to pay the Utility Companies in the manner described herein will facilitate this goal. Accordingly, an expedited hearing on the Motion is critical.

### NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made by Debtors to this or any other court.

WHEREFORE, Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto: (i) prohibiting the Utility Companies from altering,

refusing or discontinuing service on account of pre-petition invoices; (ii) authorizing Debtors, in their discretion, to pay invoices for pre-petition Utility Services; (iii) establishing procedures for determining requests for additional adequate assurance; and (iv) granting such other and further relief as the Court deems appropriate.

DATED this 2nd day of April, 2010

Respectfully submitted,

/s/ Rod Anderson
Rod Anderson
Florida Bar No. 370762
rod.anderson@hklaw.com
Keith S. Shotzberger
Florida Bar No. 0154670
keith.shotzberger@hklaw.com
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
P.O. Box 1288 (33601-1288)
Tampa, Florida 33602-3644
813-227-8500 (telephone)
813-229-0134 (facsimile)
*Attorneys for the Chapter 11 Debtors
and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail (or as indicated) this 2nd day of April, 2010, to:

Denise Barnett (by CM/ECF)
United States Trustee
501 E. Polk St., Suite 1200
Tampa, FL 33602

Utility Companies listed on Exhibit A

20 Largest Unsecured Creditors attached hereto (U.S. Mail).

/s/ Rod Anderson
Attorney

# 9298437_v1

# EXHIBIT A

| Utility Company | Service |
|---|---|
| Access Point<br>P.O. Box 751030<br>Charlotte, NC 28275-1030<br>ACCT # 291116 | Telephone & Internet |
| Appalachian Power<br>P.O. Box 24414<br>Canton, OH 44702<br>ACCT# 021-597-327-7-1 | Electricity |
| Central Florida Gas<br>P.O. Box 960<br>Winter Haven, FL 33882-0960<br>ACCT # 17-3582-250-1 | Gas |
| Central Florida Gas<br>P.O. Box 960<br>Winter Haven, FL 33882-0960<br>ACCT # 08-236438-2556-1 | Gas |
| City of Avon Park - Utilities<br>110 E. Main Street<br>Avon Park, FL 33825-3945<br>ACCT # 45005-17264 | Water |
| City of Crystal River<br>123 N.W. Highway 19<br>Crystal river, FL 34428-3999<br>ACCT # 1090096701; customer #309541 | Sewer |
| City of Galax<br>111 East Grayson St.<br>Galax, VA 24333<br>ACCT # 010226-01 | Water |
| City of Lake Wales<br>Utilities Dept.<br>P.O. Box 1320<br>Lake Wales, FL 33859-1320<br>ACCT # 25909 | Water |

| | |
|---|---|
| City of Mulberry<br>P.O. Box 707<br>Mulberry, FL 33860<br>ACCT # 6204 | Water |
| City of Raleigh, NC<br>P.O. Box 590<br>Raleigh, NC 27602-0590<br>ACCT # 139193066229<br>ACCT # 1391930111715<br>ACCT # 1391930162655<br>ACCT # 139193087486 | Water & Sewer |
| City of Reidsville<br>230 West Morehead St.<br>Reidsville, NC 27320<br>ACCT # 4048210097 | Water |
| City of Rocky Mount<br>331 South Franklin Street<br>P.O. Box 1180<br>Rocky Mount, NC 27802<br>ACCT # 4526020871 | Electricity, Gas, Water & Sewer |
| City of Tampa Utilities<br>P.O. Box 30191<br>Tampa, Fl 33630-3191<br>ACCT # 0353393-001-5<br>ACCT # 0353393-002-2 | Water |
| City of Tampa Utilities<br>P.O. Box 30191<br>Tampa, Fl 33630-3191<br>ACCT # 03142430016 | Water |
| Columbia Gas<br>P.O. Box 830005<br>Baltimore, MD 21283 | Gas |
| Division for Central Collections<br>P.O. Box 3308<br>Danville, VA 24543-3308<br>ACCT # 0008023839-02986571 | Electricity/Water |

| | |
|---|---|
| Dominion North Carolina<br>P.O. Box 26543<br>Richmond, VA 23920<br>ACCT # 9711549734 | Electricity |
| Dominion Virginia Power<br>P.O. Box 26543<br>Richmond, VA 23920<br>ACCT # 7409842809 | Electricity |
| Duke Energy<br>P.O. Box 70517<br>Charlotte, NC 28272-0517<br>ACCT# 1680116423 | Electricity |
| Earthlink Customer Service<br>P.O. Box 7645<br>Atlanta, GA 30357-7645<br>ACCT # 23995315 | Internet |
| Florida Natural Gas<br>P.O. Box 934726<br>Atlanta, GA 31193-4726<br>ACCT # 47951 | Wholesale gas |
| Hillsborough Water Resources<br>10061 E. Adamo Dr.<br>Tampa, FL 33619<br>ACCT # 5114020000 | Water & Sewer |
| MetTel Communications<br>P.O. Box 1056<br>New York, NY<br>ACCT # 422430 | Telephone |
| Ozello Water Association<br>9769 West Ozello Trial<br>Crystal River, FL 34429<br>ACCT # 968 | Water |
| Pasco County Utilities Services<br>P.O. Drawer 2139<br>New Port Richey, FL 34656-2139<br>ACCT # 900128269116 | Water & Sewer |

| | |
|---|---|
| Piedmont Natural Gas<br>P.O. Box 533500<br>Atlanta, GA 30353-3500<br>ACCT # 4002536071001<br>ACCT # 7002728963001 | Gas |
| Progress Energy Carolinas Inc.<br>Raleigh, NC 27698<br>ACCT # 1449916269<br>ACCT # 5691776867<br>ACCT # 2081979342<br>ACCT # 2407236468<br>ACCT # 6059579182<br>ACCT # 0578152456 | Electricity |
| Progress Energy Florida, Inc.<br>P.O. Box 33199<br>St. Petersburg, FL 33733<br>ACCT # 4870984360 | Electricity |
| Progress Energy Florida, Inc.<br>5225 Tech Data Dr.<br>Clearwater, FL 33760 | Electricity |
| PSNC Energy<br>P.O. Box 100256<br>Columbia, SC 29202-3256<br>ACCT # 5210076050734<br>ACCT # 5210076050837<br>ACCT # 5210076050950<br>ACCT # 5210076050772<br>ACCT # 5210069676075 | Gas |
| Roanoke Rapids Sanitary District<br>P.O. Box 308<br>Roanoke Rapids, NC 27870<br>ACCT # 9106950260097 | Water & Sewer |
| Rocky Mount Public Utility<br>331 South Franklin Street<br>Rocky Mount, NC 27803 | Utilities |
| Tampa Electric<br>P.O. Box 31318 | Electricity |

| | |
|---|---|
| Tampa, FL 33631-3318<br>ACCT # 14611152560 | |
| TECO Electric<br>Debbie Buttram<br>702 N. Franklin St.<br>Tampa, FL 33602 | Electricity |
| TECO Peoples Gas<br>P.O. Box 31017<br>Tampa, FL 33631-3017<br>ACCT # 13505532 | Transport gas |
| Town of Apex<br>P.O. Box 580398<br>Charlotte, NC 28258-0398<br>ACCT # 12268002 | Water & Sewer |
| Town of Cary<br>P.O. Box 8049<br>Cary, NC 275128049<br>ACCT # 15548889066 | Water & Sewer |
| Town of Clayton<br>P.O. Box 879<br>Clayton, NC 27520-0879<br>ACCT # 23991001<br>ACCT # 23992001 | Water & Sewer |
| Town of South Hill<br>211 S. Mecklenburg Ave.<br>South Hill, VA 23970<br>ACCT # 7002482 | Water & Sewer |
| Town of Wake Forest<br>401 Elm Ave.<br>Wake Forest, NC 27587-2939<br>ACCT # 99210 | Electricity |
| Verizon Wireless<br>P.O. Box 660108<br>Dallas, TX 75266-0108<br>ACCT # 31601029-00001 | Cell Phone |

| | |
|---|---|
| Water Department Hillsborough County<br>P.O. Box 30702<br>Tampa, FL 33630-3702<br>ACCT # 2118220000 | Sewer |
| Water Department Hillsborough County<br>P.O. Box 30702<br>Tampa, FL 33630-3702<br>ACCT # 9497400000 | Water & Sewer |
| Wilson Energy Utility Service<br>P.O. Box 2408<br>Wilson, NC 27895<br>ACCT # 13597542672 | Electricity, Gas, Water & Sewer |
| Withlacoochee River Electric Coop, Inc.<br>P.O. Box 100<br>Dade City, FL 33526-0100<br>ACCT # 1522680424710 | Electric |

# 9298437_v1